# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| TAMMY KENNEDY, Plaintiff, v. AMERICAN MULTI-CINEMA, INC. d/b/a AMC ENTERTAINMENT, INC., Defendant. | Case No. 1:19-cv-00533-TWP-MJD |

## ORDER DENYING PLAINTIFF'S MOTION FOR REMAND

This matter is before the Court on a Motion for Remand and Request for Attorney's Fees filed pursuant to 28 U.S.C. § 1447 by Plaintiff Tammy Kennedy ("Kennedy") (Filing No. 7). Kennedy filed a personal injury complaint against Defendant American Multi-Cinema, Inc., d/b/a AMC Entertainment, Inc. ("AMC") on March 9, 2018, in the Marion Superior Court under Cause No. 49D10-1803-CT-009801 (Filing No. 1-2). On February 1, 2019, AMC filed a Notice of Removal and removed the lawsuit from state court to federal court based on diversity jurisdiction (Filing No. 1). Twelve days later, on February 13, 2019, Kennedy filed a Motion for Remand, arguing that AMC's removal was untimely thereby requiring that this case be returned to state court. For the following reasons, Kennedy's Motion for Remand is **denied**.

## I.  LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where

the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

"A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . ." 28 U.S.C. § 1446(a).

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). "A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action . . . ." 28 U.S.C. § 1446(c)(1).

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c).

"The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

## II. DISCUSSION

Kennedy filed the instant Complaint in state court on March 9, 2018. She "does not dispute that diversity of citizenship exists nor that the amount of controversy requirement is satisfied. Rather, [she] contends that the notice of removal was ***untimely***." (Filing No. 7 at 3 (emphasis in original).) Kennedy argues that the amount in controversy was ascertainable after she served AMC

2

with her answers to AMC's First Set of Interrogatories and Request for Production on June 14, 2018, and thus, the case should have been removed within thirty days after receipt of her answers on June 14, 2018 (no later than July 14, 2018). She asserts that AMC was provided sufficient information relevant to her claim for damages that reasonably supported an amount in controversy that exceeded $75,000.00. This information included medical bills totaling $31,916.84, lost wages totaling at least $2,688.00, eight weeks of missed work, evidence of permanent injury, and medical records showing that she underwent surgery ([Filing No. 7 at 2](), 4). Based on the medical bills, evidence of permanency, and lost wages, Kennedy asserts that there was a reasonable expectation that a jury could award a verdict in excess of $75,000.00, so removal would have been proper at that earlier time.

Relying on *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547 (U.S. 2014), Kennedy argues that allegations regarding the amount in controversy do not require specific evidentiary proof to invoke federal jurisdiction, and thus, AMC had enough information to remove the case to federal court when it received Kennedy's discovery responses on June 14, 2018. Therefore, Kennedy argues, AMC failed to timely remove the case to this Court when it waited until February 2019 to file its Notice of Removal.

In response, AMC contends it could not ascertain the amount in controversy until it received Kennedy's discovery response to AMC's Second Set of Interrogatories on January 18, 2019, where Kennedy specifically averred she was seeking damages in excess of $75,000.00 ([Filing No. 24-4 at 6]()–7). Kennedy's response to the Second Set of Interrogatories prompted AMC to file its Notice of Removal on February 1, 2019, within thirty days after receipt of an "other paper" from which it was first ascertained that the case was removable. AMC argues that, prior to receiving Kennedy's second discovery response, it was left to speculate what amount was in

3

controversy based on the state court Complaint and Kennedy's first discovery response. The Complaint did not specify an amount in controversy and only alleged "physical injury, incurred medical expense, loss of wages, pain and suffering, loss of enjoyment of life, and mental anguish." ([Filing No. 1-2 at 3](Filing No. 1-2 at 3).) Kennedy's first discovery response revealed medical bills totaling $31,916.84 and lost wages totaling $2,688.00—far short of $75,000.00—and also included responses that AMC understood to limit Kennedy's claimed damages. AMC argues that the following discovery responses from Kennedy appeared to limit her claimed damages:

> Please state in detail the nature of the injury or injuries . . .
> **RESPONSE:** Right side pain. Right hand wrist contusion and laceration. Right knee contusion. Right hip pain radiating into calf. Right sided low back pain, sciatica.
>
> \*\*\*
>
> If You are still receiving medical attention for injuries alleged in your Complaint, please state: . . .
>
> **RESPONSE:** I am not currently treating. I have a prescription for Tramadol and Flexeril prn.
>
> \*\*\*
>
> Do You allege that You have suffered any permanent impairment of any of Your bodily functions as a result of the injuries You allege were caused by the Incident? If so, please state: . . .
>
> **RESPONSE:** I am not able to do the activities I used to do. I believe my mobility has suffered and that I have a permanent injury. I have not been evaluated for purposes of a PPI rating from a medical doctor and, therefore, I do not know.
>
> \*\*\*
>
> If you allege that You have been unable to work as a result of the injuries You allegedly suffered due to the Incident, please state: . . .
>
> **RESPONSE:** I work for Advanced Health Care Associates.
>
> \*\*\*

4

> Do You claim an impairment of Your earning capacity or loss of future earnings as a result of the injuries allegedly caused by the Incident? …
>
> **RESPONSE:** I do not recall the exact dates. I am a salaried employee. At the time, I made 43,680 base salary annually. I exhausted my PTO and had to go on short term disability through AFLAC and only received 60% of my wages while on short term disability. I was on short term disability for at least 8 weeks.
>
> \*\*\*
>
> Do You claim to have suffered any injury or financial loss as a result [o]f the Incident, which has not been either identified or asked above? . . .
>
> **RESPONSE:** None.

([Filing No. 24-1 at 9](#)–15.)

Based on these discovery responses Kennedy provided on June 14, 2018, AMC understood that Kennedy expressly denied knowing of any permanent impairment, expressly denied any impairment to her earning capacity or future income, expressly stated that she was not currently treating for any ongoing conditions, and expressly denied claims of any other injuries. AMC argues that, in light of these discovery responses and the medical bills and lost wages totaling only $34,604.84, it had no reasonable basis at that time to believe that the amount in controversy requirement was met. AMC asserts it had a basis for removal only after Kennedy responded to the Second Set of Interrogatories on January 18, 2019, wherein she stated damages exceeded $75,000.00.

Where there is a dispute as to the jurisdictional amount in controversy, the party seeking the federal forum has the burden of coming forward with competent proof to establish at least a reasonable probability that the amount in controversy requirement is satisfied. *King v. Wal-Mart Stores*, 940 F. Supp. 213, 216 (S.D. Ind. 1996) (internal citation and quotation marks omitted). AMC argues it did not have "competent proof" until Kennedy provided her second set of discovery responses. Kennedy replies that the requirement of "competent proof" is only applicable when a

dispute arises as to the amount in controversy, and she does not dispute that the jurisdictional threshold was met. Thus, she argues, the correct standard is whether there is a "reasonable probability" that a jury could award an amount that meets the jurisdictional requirement, and AMC did not need to wait for "competent proof".

Regardless of whether the Court considers the issue under a "reasonable probability" or "competent proof," standard, AMC did not have sufficient information about the amount in controversy until Kennedy served her second set of discovery responses. In a case where the plaintiff argued "the Complaint's allegations need only provide a 'reasonable probability' that the jurisdictional amount is satisfied," *Goatley v. Wal-Mart*, 2017 U.S. Dist. LEXIS 168730, at *5 (S.D. Ind. Oct. 12, 2017), this Court determined that "[v]ague allegations of 'severe and permanent personal injuries' and 'extreme disfigurement, pain and suffering' like those made in this case do not require removal." *Id.* at *7. "Neither 'permanent injury' nor 'losses of future earnings' are magical terms of art that automatically demonstrate that the jurisdictional threshold has been met." *Id.* at *6 (internal citation and quotation marks omitted). The Seventh Circuit has explained, "The 30-day removal clock is triggered by the defendant's receipt of a pleading or other paper that *affirmatively and unambiguously* reveals that the case is or has become removable." *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 821 (7th Cir. 2013) (emphasis added).

In this case, Kennedy's Complaint did not detail the nature and extent of her injuries and provided no guidepost as to the amount of damages sought. Kennedy's answers to the First Set of Interrogatories and Request for Production explained that she was no longer being treated for her injuries. The responses indicated medical bills totaling $31,916.84 and lost wages totaling $2,688.00. When asked to explain any permanent impairments and any doctor's impairment rating, Kennedy responded, "I am not able to do the activities I used to do. I believe my mobility

6

has suffered and that I have a permanent injury. I have not been evaluated for purposes of a PPI rating from a medical doctor and therefore, I do not know." ([Filing No. 24-1 at 12](#)–13.) When asked for details about her inability to work, including the amount of time unable to work and the amount of wage loss, she responded only with where she worked. When asked if she suffered any other injury or financial loss not asked in other interrogatories, she responded, "None." Kennedy suggests that her responses were the result of poorly worded interrogatories. Regardless of the reason for her answers, the responses did not provide affirmative and unambiguous information that could serve as a basis for removal.

The responses Kennedy provided to AMC's First Set of Interrogatories were not sufficient to inform AMC that the amount in controversy exceeded $75,000.00. Rather, her responses appeared to limit the damages she was seeking in this case. Therefore, AMC was justified in its position in June 2018 that the jurisdictional threshold was not met to allow for removal at that time. After Kennedy served her discovery response to the Second Set of Interrogatories on January 18, 2019, and acknowledged she was seeking damages in excess of $75,000.00, AMC promptly and timely filed its Notice of Removal on February 1, 2019. Thus, remand is not warranted.

### III. CONCLUSION

For the foregoing reasons, Kennedy's Motion for Remand and Request for Attorney's Fees ([Filing No. 7](#)) is **DENIED**. This matter will proceed in this Court.

**SO ORDERED.**

Date: 5/3/2019

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Tess A. White
WHITE AND CHAMPAGNE
tess@whiteandchampagne.com

James M. Hinshaw
BINGHAM GREENEBAUM DOLL LLP
jhinshaw@bgdlegal.com

Mark Robert Molter
BINGHAM GREENEBAUM DOLL LLP
mmolter@bgdlegal.com